IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEK Y. LEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN HOME MORTGAGE SERVICING, INC.; FIDELITY NATIONAL TITLE COMPANY; POWER DEFAULT SERVICES, INC.; and DOES 1-20. ,<br><br>　　　　Defendants.<br>_____/ | No. C 12-2287 CW<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND, DENYING PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS (Docket Nos. 5 and 17) |

　　Plaintiff Shek Y. Lee moves to remand this case to state court and seeks attorneys' fees. Defendants American Home Mortgage Servicing, Inc. (AHMSI) and Power Default Services, Inc. oppose Plaintiff's motion, and move to dismiss all claims against them. Plaintiff opposes Defendants' motion to dismiss. The Court takes the parties' motions under submission on the papers. For the reasons set forth below, the Court GRANTS Plaintiff's motion to remand and DENIES AS MOOT Defendants' motion to dismiss. The Court also DENIES Plaintiff's request for attorneys' fees.

BACKGROUND

　　Plaintiff, a California resident, filed his complaint in San Mateo County Superior Court, asserting various claims related to the servicing of his residential mortgage loan and the pending foreclosure of his property located at 366 Serra Drive in South San Francisco, California. His claims are brought against various Defendants, including Fidelity National Title Company, which is allegedly a California citizen.

Plaintiff brings claims against all Defendants for (1) fraud and deceit; (2) negligent misrepresentation; (3) constructive fraud; (4) intentional infliction of emotional distress; (5) negligent infliction of emotional distress; (6) unjust enrichment; (7) promissory estoppel; (8) violation of California Civil Code section 2923.5; (9) violation of California Business Code section 17500; and (10) violation of California Business Code section 17200. Plaintiff intends to seek a declaration that, among other things, Defendants did not comply with California Civil Code 2923.5.

Defendants AHMSI and Power Default removed this action on May 7, 2012 pursuant to the Court's diversity jurisdiction, 28 U.S.C. § 1332.

## LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations omitted).

District courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). When federal

2

1 subject matter jurisdiction is predicated on diversity of
2 citizenship, complete diversity must exist between the opposing
3 parties. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-
4 74 (1978).

5     A non-diverse party named in a complaint can be disregarded
6 for purposes of determining whether diversity jurisdiction exists
7 if a district court determines that the party's inclusion in the
8 action is a "sham" or "fraudulent." McCabe v. General Foods
9 Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). "If the plaintiff
10 fails to state a cause of action against a resident defendant, and
11 the failure is obvious according to the settled rules of the
12 state, the joinder of the resident defendant is fraudulent." Id.
13 The defendant need not show that the joinder of the non-diverse
14 party was for the purpose of preventing removal. The defendant
15 need only demonstrate that there is no possibility that the
16 plaintiff will be able to establish a cause of action in state
17 court against the alleged sham defendant. Id.; Ritchey v. Upjohn
18 Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). However, there is
19 a presumption against finding fraudulent joinder and defendants
20 who assert it have a heavy burden of persuasion. Emrich v. Touche
21 Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

22     DISCUSSION

23 I. Motion for Remand

24     Plaintiff argues that, because he and Fidelity are citizens
25 of California, complete diversity does not exist and thus this
26 Court lacks diversity jurisdiction over this action. Defendants
27 do not dispute that Fidelity is a California citizen. Instead,
28

United States District Court / For the Northern District of California

3

they contend that removal was proper because Fidelity was fraudulently joined in this action.[1]

Defendants have failed to demonstrate that there is no possibility that Plaintiff will be able to establish a cause of action for violation of section 2923.5 against Fidelity in state court. California Civil Code section 2923.5 "concerns the crucial first step in the foreclosure process: The recording of a notice of default as required by section 2924." Mabry v. Superior Court, 185 Cal. App. 4th 208, 221 (2010). Under section 2923.5, a lender may not file a notice of default until thirty days after it has contacted "the borrower by phone or in person to 'assess the borrower's financial situation and explore options for the borrower to avoid foreclosure.'" Id. (quoting Cal. Civ. Code § 2923.5(a)(2)).[2] During this conversation, the lender must advise the borrower that the borrower may request additional meetings, which the lender must schedule within fourteen days, and the lender must provide the borrower with the toll-free telephone

---

[1] The Court notes that Defendants failed to file an opposition within the time period permitted by Civil Local Rule 7-3(a), and that it could properly strike Defendants' opposition for failure to comply with the local rules. Defendants maintain that this failure should be excused, because it is less "egregious" than Plaintiff's purported "jurisdictional gamesmanship," which consisted of filing the instant motion to remand, and then participating in the Court's Alternative Dispute Resolution (ADR) telephone conference several days later. Defendants have not offered any evidence of improper conduct by Plaintiff; the Court mandated the parties' participation in the ADR telephone conference. Docket No. 14. Nonetheless, the Court exercises its discretion to consider the merits of Defendants' opposition.

[2] Alternatively, a lender may comply with section 2923.5 by completing the due diligence requirements of subdivision (g) of the statute. Mabry, 185 Cal. App. 4th at 221.

4

number for the United States Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency. Cal. Civ. Code § 2923.5(a)(2). "If section 2923.5 is not complied with, then there is no valid notice of default, and without a valid notice of default, a foreclosure sale cannot proceed." Id. at 223. The remedy for a failure to comply with section 2923.5 is "to postpone the sale until there has been compliance with" the statute. Id. (citing Cal. Civ. Code § 2924g(c)(1)(A)).

Plaintiff alleges that, before Fidelity recorded the Notice of Default on December 8, 2011, he was not contacted by any Defendant to assess his financial situation or explore any options to avoid foreclosure, and that he was not offered a subsequent meeting or offered HUD counseling. Compl. ¶¶ 75-77; Defs.' Request for Judicial Notice (RJN), Ex. 3, 2. Defendants contend that this claim must fail, because Plaintiff also "alleges that he spoke with AHMSI on or about August 2011, regarding a foreclosure alternative, specifically, a loan modification." Opp. at 4. However, this allegation does not establish that Defendants complied with the requirements of section 2923.5(a)(2). Specifically, it does not show that Defendants initiated the requisite telephone calls or in-person meetings. It also does not support that during this conversations Defendants informed Plaintiff of his right to request a further meeting in person or over the phone, to take place within fourteen days, or of the HUD toll-free telephone number.

Defendants also claim that any prejudice is vitiated by the parties' subsequent participation in the Court's initial ADR

5

1  telephone conference and engaged in preliminary loan modification
2  discussions.  This argument fails, because "§ 2923.5 requires that
3  there be contact prior to the notice of default," and "[t]he
4  timing requirement expressly imposed by the statute cannot be
5  ignored."  Tamburri v. Suntrust Mortg., Inc., 2011 U.S. Dist.
6  LEXIS 72202, at *10 (citing Mabry, 185 Cal. App. 4th at 225).
7  "The right conferred by section 2923.5 is a right to be contacted
8  to 'assess' and 'explore' alternatives to foreclosure prior to a
9  notice of default."  Mabry, 185 Cal. App. 4th at 225 (emphasis in
10 original).

11 Further, to the extent that Defendants argue that the
12 purposes of section 2923.5 were fulfilled because Plaintiff
13 contacted them to discuss a possible loan modification,
14 Plaintiff's complaint alleges that, while he tried to contact
15 AHMSI to find out about his options, he did not receive
16 information that he requested and that, to the extent that he was
17 able to speak with AHMSI, it made false representations to him
18 about the process and availability of such a modification.  Thus,
19 Defendants have not established that section 2923.5's "obvious
20 goal of forcing parties to communicate . . . about a borrower's
21 situation and the options to avoid foreclosure" was fulfilled.
22 Id. at 224 (emphasis in original).

23 Because the Court concludes that Defendants have not met
24 their burden to establish that Plaintiff cannot succeed on its
25 section 2923.5 claim against Fidelity, it need not consider
26 whether Defendants have met this burden for Plaintiff's remaining
27 claims.

28

## II. Attorneys' Fees and Costs

Plaintiff seeks an order compelling Defendants to reimburse him for attorneys' fees and costs he incurred in connection with the improper removal. Title 28 U.S.C. § 1447(c) allows the Court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Under § 1447(c), "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005).

Although the Court was not persuaded by Defendants' arguments, they had an objectively reasonable basis for removal. Therefore, the Court declines to award Plaintiff his attorneys' fees and costs under § 1447(c).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is GRANTED and his request for attorneys' fees and costs is DENIED (Docket No. 17). Defendants' motion to dismiss is DENIED as moot (Docket No. 5).

The Clerk shall remand this action to San Mateo County Superior Court and close the file.

IT IS SO ORDERED.

Dated: 7/20/2012

CLAUDIA WILKEN
United States District Judge

7