1

IN THE UNITED STATES DISTRICT COURT

2

FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4

| | |
|---|---|
| SHEK Y. LEE, | No. C 12-2287 CW |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO REMAND, DENYING PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS (Docket Nos. 5 and 17) |
| v. | |
| AMERICAN HOME MORTGAGE SERVICING, INC.; FIDELITY NATIONAL TITLE COMPANY; POWER DEFAULT SERVICES, INC.; and DOES 1-20. , | |
| Defendants. | |

5

6

7

8

9

10

11

Plaintiff Shek Y. Lee moves to remand this case to state

12 court and seeks attorneys' fees.  Defendants American Home

13 Mortgage Servicing, Inc. (AHMSI) and Power Default Services, Inc.

14 oppose Plaintiff's motion, and move to dismiss all claims against

15 them.  Plaintiff opposes Defendants' motion to dismiss.  The Court

16 takes the parties' motions under submission on the papers.  For

17 the reasons set forth below, the Court GRANTS Plaintiff's motion

18 to remand and DENIES AS MOOT Defendants' motion to dismiss.  The

19 Court also DENIES Plaintiff's request for attorneys' fees.

20

BACKGROUND

21

Plaintiff, a California resident, filed his complaint in San

22 Mateo County Superior Court, asserting various claims related to

23 the servicing of his residential mortgage loan and the pending

24 foreclosure of his property located at 366 Serra Drive in South

25 San Francisco, California.  His claims are brought against various

26 Defendants, including Fidelity National Title Company, which is

27 allegedly a California citizen.

28

1    Plaintiff brings claims against all Defendants for (1) fraud

2 and deceit; (2) negligent misrepresentation; (3) constructive

3 fraud; (4) intentional infliction of emotional distress;

4 (5) negligent infliction of emotional distress; (6) unjust

5 enrichment; (7) promissory estoppel; (8) violation of California

6 Civil Code section 2923.5; (9) violation of California Business

7 Code section 17500; and (10) violation of California Business Code

8 section 17200.  Plaintiff intends to seek a declaration that,

9 among other things, Defendants did not comply with California

10 Civil Code 2923.5.

11    Defendants AHMSI and Power Default removed this action on May

12 7, 2012 pursuant to the Court's diversity jurisdiction, 28 U.S.C.

13 § 1332.

14                          LEGAL STANDARD

15    A defendant may remove a civil action filed in state court to

16 federal district court so long as the district court could have

17 exercised original jurisdiction over the matter.  28 U.S.C.

18 § 1441(a).  "The 'strong presumption' against removal jurisdiction

19 means that the defendant always has the burden of establishing

20 that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566

21 (9th Cir. 1992).  Federal jurisdiction "must be rejected if there

22 is any doubt as to the right of removal in the first instance."

23 Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations

24 omitted).

25    District courts have original jurisdiction over all civil

26 actions "where the matter in controversy exceeds the sum or value

27 of $75,000, exclusive of interest and costs, and is between . . .

28 citizens of different States."  28 U.S.C. § 1332(a).  When federal

United States District Court
For the Northern District of California

1  subject matter jurisdiction is predicated on diversity of

2  citizenship, complete diversity must exist between the opposing

3  parties.  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373–

4  74 (1978).

5      A non-diverse party named in a complaint can be disregarded

6  for purposes of determining whether diversity jurisdiction exists

7  if a district court determines that the party's inclusion in the

8  action is a "sham" or "fraudulent."  McCabe v. General Foods

9  Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).  "If the plaintiff

10  fails to state a cause of action against a resident defendant, and

11  the failure is obvious according to the settled rules of the

12  state, the joinder of the resident defendant is fraudulent."  Id.

13  The defendant need not show that the joinder of the non-diverse

14  party was for the purpose of preventing removal.  The defendant

15  need only demonstrate that there is no possibility that the

16  plaintiff will be able to establish a cause of action in state

17  court against the alleged sham defendant.  Id.; Ritchey v. Upjohn

18  Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998).  However, there is

19  a presumption against finding fraudulent joinder and defendants

20  who assert it have a heavy burden of persuasion.  Emrich v. Touche

21  Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

22                          DISCUSSION

23  I.   Motion for Remand

24      Plaintiff argues that, because he and Fidelity are citizens

25  of California, complete diversity does not exist and thus this

26  Court lacks diversity jurisdiction over this action.  Defendants

27  do not dispute that Fidelity is a California citizen.  Instead,

28

**United States District Court**
For the Northern District of California

1  they contend that removal was proper because Fidelity was

2  fraudulently joined in this action.[1]

3      Defendants have failed to demonstrate that there is no

4  possibility that Plaintiff will be able to establish a cause of

5  action for violation of section 2923.5 against Fidelity in state

6  court.  California Civil Code section 2923.5 "concerns the crucial

7  first step in the foreclosure process: The recording of a notice

8  of default as required by section 2924."  <u>Mabry v. Superior Court</u>,

9  185 Cal. App. 4th 208, 221 (2010).  Under section 2923.5, a lender

10  may not file a notice of default until thirty days after it has

11  contacted "the borrower by phone or in person to 'assess the

12  borrower's financial situation and explore options for the

13  borrower to avoid foreclosure.'"  <u>Id.</u> (quoting Cal. Civ. Code

14  § 2923.5(a)(2)).[2]  During this conversation, the lender must

15  advise the borrower that the borrower may request additional

16  meetings, which the lender must schedule within fourteen days, and

17  the lender must provide the borrower with the toll-free telephone

18

19

20      [1] The Court notes that Defendants failed to file an
opposition within the time period permitted by Civil Local Rule
21  7-3(a), and that it could properly strike Defendants' opposition
for failure to comply with the local rules.  Defendants maintain
22  that this failure should be excused, because it is less
"egregious" than Plaintiff's purported "jurisdictional
23  gamesmanship," which consisted of filing the instant motion to
remand, and then participating in the Court's Alternative Dispute
24  Resolution (ADR) telephone conference several days later.
Defendants have not offered any evidence of improper conduct by
25  Plaintiff; the Court mandated the parties' participation in the
ADR telephone conference.  Docket No. 14.  Nonetheless, the Court
26  exercises its discretion to consider the merits of Defendants'
opposition.

27      [2] Alternatively, a lender may comply with section 2923.5 by
completing the due diligence requirements of subdivision (g) of
28  the statute.  <u>Mabry</u>, 185 Cal. App. 4th at 221.

number for the United States Department of Housing and Urban

Development (HUD) to find a HUD-certified housing counseling

agency.  Cal. Civ. Code § 2923.5(a)(2).  "If section 2923.5 is not

complied with, then there is no valid notice of default, and

without a valid notice of default, a foreclosure sale cannot

proceed."  Id. at 223.  The remedy for a failure to comply with

section 2923.5 is "to postpone the sale until there has been

compliance with" the statute.  Id. (citing Cal. Civ. Code

§ 2924g(c)(1)(A)).

Plaintiff alleges that, before Fidelity recorded the Notice

of Default on December 8, 2011, he was not contacted by any

Defendant to assess his financial situation or explore any options

to avoid foreclosure, and that he was not offered a subsequent

meeting or offered HUD counseling.  Compl. ¶¶ 75-77; Defs.'

Request for Judicial Notice (RJN), Ex. 3, 2.  Defendants contend

that this claim must fail, because Plaintiff also "alleges that he

spoke with AHMSI on or about August 2011, regarding a foreclosure

alternative, specifically, a loan modification."  Opp. at 4.

However, this allegation does not establish that Defendants

complied with the requirements of section 2923.5(a)(2).

Specifically, it does not show that Defendants initiated the

requisite telephone calls or in-person meetings.  It also does not

support that during this conversations Defendants informed

Plaintiff of his right to request a further meeting in person or

over the phone, to take place within fourteen days, or of the HUD

toll-free telephone number.

Defendants also claim that any prejudice is vitiated by the

parties' subsequent participation in the Court's initial ADR

5

**United States District Court**
For the Northern District of California

1 telephone conference and engaged in preliminary loan modification

2 discussions.  This argument fails, because "§ 2923.5 requires that

3 there be contact prior to the notice of default," and "[t]he

4 timing requirement expressly imposed by the statute cannot be

5 ignored."  Tamburri v. Suntrust Mortg., Inc., 2011 U.S. Dist.

6 LEXIS 72202, at *10 (citing Mabry, 185 Cal. App. 4th at 225).

7 "The right conferred by section 2923.5 is a right to be contacted

8 to 'assess' and 'explore' alternatives to foreclosure prior to a

9 notice of default."  Mabry, 185 Cal. App. 4th at 225 (emphasis in

10 original).

11      Further, to the extent that Defendants argue that the

12 purposes of section 2923.5 were fulfilled because Plaintiff

13 contacted them to discuss a possible loan modification,

14 Plaintiff's complaint alleges that, while he tried to contact

15 AHMSI to find out about his options, he did not receive

16 information that he requested and that, to the extent that he was

17 able to speak with AHMSI, it made false representations to him

18 about the process and availability of such a modification.  Thus,

19 Defendants have not established that section 2923.5's "obvious

20 goal of forcing parties to communicate . . . about a borrower's

21 situation and the options to avoid foreclosure" was fulfilled.

22 Id. at 224 (emphasis in original).

23      Because the Court concludes that Defendants have not met

24 their burden to establish that Plaintiff cannot succeed on its

25 section 2923.5 claim against Fidelity, it need not consider

26 whether Defendants have met this burden for Plaintiff's remaining

27 claims.

28

6

II.   Attorneys' Fees and Costs

Plaintiff seeks an order compelling Defendants to reimburse him for attorneys' fees and costs he incurred in connection with the improper removal.  Title 28 U.S.C. § 1447(c) allows the Court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Under § 1447(c), "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005).

Although the Court was not persuaded by Defendants' arguments, they had an objectively reasonable basis for removal. Therefore, the Court declines to award Plaintiff his attorneys' fees and costs under § 1447(c).

CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is GRANTED and his request for attorneys' fees and costs is DENIED (Docket No. 17).  Defendants' motion to dismiss is DENIED as moot (Docket No. 5).

The Clerk shall remand this action to San Mateo County Superior Court and close the file.

IT IS SO ORDERED.

Dated:  7/20/2012

CLAUDIA WILKEN
United States District Judge